■ JANE HARMON, Appellant, v ADIRONDACK COMMUNITY COLLEGE et al., Respondents. [784 NYS2d 663]—

Peters, J. Appeal from an order of the Supreme Court (Sise, J.), entered October 21, 2003 in Warren County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was appointed president of defendant Adirondack Community College (hereinafter ACC) effective September 1, 1998. A contract setting forth the terms and conditions of her employment was executed in January 2000. Incorporated therein was a job description and the applicable ACC Code of Ethics. Pursuant to the contract, defendant Board of Trustees of ACC retained its right to "assign or reassign[,] . . . add to, subtract from, or modify" plaintiff's duties at any time. In May 2000, the Board placed plaintiff on administrative leave, relieving her of "authority for the day to day operation of [ACC]." By letter dated May 31, 2000, plaintiff was further advised that she would continue to receive her salary and benefits, including the use of an automobile until the contract expired on August 31, 2001, but that she was not to represent ACC without the consent of the Board. Pursuant to her job description, however, such administrative leave did not obviate the requirement that she "[p]erform other such tasks as assigned by the Board."

In April 2001, plaintiff notified the Board that she had accepted an appointment as president of Cerritos College in California, commencing June 1, 2001. In response, the Board informed plaintiff that she was being removed from administrative leave, effective June 1, 2001, and would be discharged from her contract for "just cause." The Board advised plaintiff that the decision was based upon her inability to "perform the responsibilities of President of [ACC] while simultaneously being employed by Cerritos College in California." It further informed her that pursuant to the contract, a hearing would be held to review the basis for her termination. Plaintiff chose not to attend the hearing and ultimately commenced this action for breach of contract. All defendants moved for summary judgment, prompting plaintiff's cross motion for the same relief. Supreme Court granted the motions of the Board and ACC, denied plaintiff's cross motion, and found the motions of

defendants County of Warren and County of Washington to be moot.* Plaintiff appeals.

While it is undisputed that plaintiff has not failed or refused to perform any task requested by the Board since being placed on administrative leave and the original contract did not explicitly preclude acceptance of outside employment, " 'New York . . . recognize[s] that in appropriate circumstances an obligation of good faith and fair dealing on the part of a party to a contract may be implied and, if implied will be enforced,' . . . [if it] is in . . . furtherance of other terms of the agreement' " (*Sheth v New York Life Ins. Co.*, 273 AD2d 72, 73 [2000], quoting *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304 [1983]; *see Sabetay v Sterling Drug*, 69 NY2d 329, 335 [1987]). This is one of those circumstances.

Notwithstanding the Board's failure to request further duties from plaintiff during her administrative leave and acknowledging plaintiff's compliance with the explicit terms of her contract prior to accepting the new position in California, plaintiff was still obligated by contract to remain available to perform any tasks required by the Board. With plaintiff's own testimony detailing that she currently works 60 to 70 hours a week in California building relationships with the community, and with the ACC Code of Ethics cautioning against even the appearance of a conflict of interest "in contracts, services, and [the] sharing of information," her acceptance of the California position clearly rendered her unavailable to ACC and its Board to perform under the contract. Finding the implied obligation of good faith and fair dealing breached and ACC's reasons for termination to be a " 'cause sufficient in law which would justify an employer in discharging an employee' " (*Crane v Perfect Film & Chem. Corp.*, 38 AD2d 288, 291 [1972], quoting *Vogel v Pathe Exch.*, 234 App Div 313, 318 [1932]), we find no error. Nor do we find a denial of due process since plaintiff had both notice of the reason for her termination and the opportunity for a hearing (*see Board of Regents of State Colls. v Roth*, 408 US 564, 570 n 7 [1972]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

---

* The actions against the County of Warren and the County of Washington have been discontinued by consent.